## AFFIDAVIT

I, DEA Special Agent Keon J. Hemerlein, being duly sworn, depose and say the following:

## INTRODUCTION

1. Your Affiant submits this affidavit in support of a criminal complaint and arrest warrant charging Job Ben ISRAEL with Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, section 841(a)(1), (b)(1)(b);

## AGENT'S BACKGROUND

2. I am a Special Agent with the Drug Enforcement Administration (DEA) and have been since November 2024. Prior to my employment with the DEA, I was employed as a Police Officer with the City of Brunswick, OH for approximately 1 year and the City of Solon, OH for approximately 5 years. I have completed the 16-week DEA Basic Agent Training (BAT) course in Quantico, Virginia. As part of the BAT course, I have received training in narcotic investigations, narcotic interdiction, identification of narcotics, search and seizure issues, preparing search warrants, surveillance techniques, preparation and execution of narcotic search warrants, debriefing of defendants, witnesses, and cooperating sources. I have also graduated from the Cleveland Heights Police Academy, where I obtained my Ohio Peace Officer Training Certificate and training related to narcotics investigations.

3. I have been involved in multiple narcotics-related arrests, have executed search warrants, seized narcotics or dangerous drugs.  I have supervised the activities of informants and cooperating witnesses who have provided information and assistance resulting in drug buys, searches, and arrests.  Based on the above experience, I am

1

familiar with the *modus operandi* of persons involved in the illicit distribution of controlled substances, as well as the terminology used by persons involved in the illicit distribution of controlled substances.  I am aware that persons involved in the illicit distribution of controlled substances nearly always attempt to conceal their identities and the locations at which drug transactions take place.  I know that individuals engaged in organized drug distribution and sales often maintain records of those sales and also maintain extensive contacts with persons from whom they receive drugs and to whom they distribute drugs.  It is likewise essential that such organized groups meet to formulate plans concerning narcotics or other illegal activities, and to divide their illegal proceeds.

4.  I have also received training in the identification of narcotics, search and seizure issues, and preparing search warrants. I have had experience in surveillance techniques, investigating narcotic and criminal cases, including the preparation and execution of narcotic and other criminal case search warrants and debriefing of defendants, witnesses, cooperating sources and other persons who have personal knowledge of narcotics and criminal violations.  I have been involved in narcotic related arrests and executed search warrants, which resulted in the seizure of narcotics, and supervised the activities of informants who have provided information and assistance resulting in narcotic purchases.  I have questioned suspects, debriefed informants and have conferred with other officers and prosecuting attorneys, and as a result have gained experience in investigating drug trafficking organizations. On a regular basis, I review law enforcement bulletins and intelligence reports regarding narcotic trafficking and smuggling, and remain in communication with counterparts in order to keep up to date

with modern techniques and trends used by narcotic traffickers in the domestic and international arena.

## PROBABLE CAUSE

5.   On June 16, 2026, Portage County Sheriff's Office (PCSO) Deputy Paolucci observed a blue 2025 Mazda CX5 (WI-40697AFT) traveling eastbound on IR 80 near the 187-mile marker. Deputy Paolucci then observed multiple traffic violations committed by the vehicle. Based on these violations, he initiated a traffic stop.  The sole occupant/driver was identified as Job Ben ISRAEL. Deputy Paolucci observed a strong odor of burnt marijuana coming from the passenger compartment area of the vehicle.

6.    ISRAEL was requested to exit the vehicle and a Police Canine arrived on scene to conduct an open-air sniff of the vehicle. The Police Canine indicated a positive alert to the presence of narcotics from the vehicle.

7.   Deputies conducted a probable cause search of the vehicle, where they located a large amount of suspected methamphetamine inside of a green and white plastic bag in the seat back pocket behind the front passenger seat.

8.   ISRAEL was advised of his Miranda rights, to which he advised he understood and agreed to speak with deputies. ISRAEL stated he rented the vehicle from Enterprise in Detroit, which was later confirmed by investigators by the company, and ISRAEL denied knowledge of the suspected methamphetamine. The suspected methamphetamine was later transported to the Portage County Sheriff's Office, where a field test revealed positive for the presence of methamphetamine and it weighed approximately 470.21 grams.

9.   ISRAEL's cell phone was seized and a search warrant later revealed miscellaneous communication regarding narcotics prices, photographs, and references to "ice" which investigators know based off training and experience is methamphetamine, as well as a ChatGPT log where ISRAEL asked, 300 grams plus of meth carries what" and specified  "in tennesse? on April 3, 2026.

## CONCLUSION

10. Based on the above, there is probable cause to believe that Job Ben ISRAEL has committed the offense of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) (b)(1)(b)(ii). Affiant, therefore, requests that this Court issue criminal complaints and arrest warrants for Job Ben ISRAEL.

_____
Keon J. Hemerlein
Special Agent
Drug Enforcement Administration

Sworn to via telephone on this 25th day of January, 2026 after submission by reliable electronic means.  Fed. R. Crim. P. 3, 4(d), and 4.1

Carmen Henderson
Carmen Henderson
U.S. Magistrate Judge

4